UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>       Plaintiff,<br><br>      -v-<br><br>ALEXIS BITTAR, LLC; and DOES 1 through 20,<br><br>       Defendants. | CASE NO. 1:25-cv-2498<br><br>COMPLAINT<br><br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff BackGrid USA, Inc. ("BackGrid") alleges its personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

## NATURE OF CASE

1. This case involves a clear violation of copyright law. Defendant Alexis Bittar, LLC ("Alexis Bittar") is an entity that relies on the strictures of copyright law for its own business model. It owns and operates AlexisBittar.com, which is a website that sells fashion accessories. The photographs ("Photos") infringed by Alexis Bittar are two valuable photographs of Megan Thee Stallion, a popular musician and celebrity. The Photos are timely registered with the United States Copyright Office. *See* VA0002309246 and VA0002309258.

## PARTIES

2. Plaintiff BackGrid, USA Inc. ("BackGrid") is a corporation existing under the laws of California, with its principal place of business located in Los Angeles, California.

3. Defendant Alexis Bittar, LLC ("Alexis Bittar") exists under the laws of New York, with its principal place of business located in New York, New York.

1

4. Does 1 through 20, inclusive (the "Doe Defendants"), are unknown to BackGrid, who therefore sues said Defendants by such fictitious names. BackGrid will seek leave to amend its Complaint and insert the true names and capacities of the Doe Defendants when the same have been ascertained. Each Doe Defendant designated herein as a "Doe" is, on information and belief, legally responsible in some manner for the events and happenings herein alleged, by among other things, (1) directing and instituting the copyright infringement actions with and for Alexis Bittar and/or (2) aiding, assisting and abetting the infringements described herein, and that thus BackGrid's damages as alleged herein were proximately caused by such Doe Defendants.

## JURISDICTION AND VENUE

5. This is a civil action against Defendants for copyright infringement under the U.S. Copyright Act, 17 U.S.C. §§ 501 *et seq.* This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501(a) and 28 U.S.C. § 1331, 1332, and 1338.

6. Personal jurisdiction in New York and in this District is proper. Among other things, Alexis Bittar is a New York limited liability company and operates out of Brooklyn, New York.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 & 1400.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

9. BackGrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television

stations, newspapers, and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

10. Among many other in-demand works, BackGrid owns the copyright rights in and to the coveted photographs of Megan Thee Stallion, which were infringed by Defendants. The Photos at issue in this action are timely registered. BackGrid filed for copyright registration of the Photos within 90 days of their first publication with the United States Copyright Office. *See* VA0002309246 and VA0002309258.

*Defendant and Its Willfully Infringing Activity*

11. Defendant Alexis Bittar operates and controls the Alexis Bittar social media site, located at instagram.com/alexisbittar ("Instagram Account"). On information and belief, Alexis Bittar uses the Instagram Account to promote its brand, to generate traffic to its alexisbittar.com website (which is linked therefrom) and to generate user interaction and interest. On information and belief, it posts content featuring Alexis Bittar products, often giving viewers a look at photos of celebrities wearing its products, whether shot candidly or in staged photoshoots.

12. Defendants have, at least, publicly displayed the Photos on the Instagram Account without consent or license, as shown in Exhibit A, which is incorporated herein by reference. The infringement was discovered within three years of filing the above captioned action.

13. Defendants violated federal law by willfully infringing BackGrid's copyrights to at least two Photos on, at least, the Instagram Account.

14. Defendants knew they did not have the right to post and exploit the Photos. Among other things, Defendants heavily feature copyrighted images on their website and rely on the strictures of copyright law to protect their own content.

15. Defendants induced, caused, or materially contributed to the public display of the Photos and derivatives thereof, all while knowing or having reason to know of the infringements on the Instagram Account were without permission, consent, or license.

16. On information and belief, Defendant operates and controls the Instagram Account at all times relevant to this dispute and financially benefits from the infringement of the Photos displayed thereto. On information and belief, Defendants have driven significant traffic to their Instagram account, and therefore also the Alexis Bittar website, and therefore increased its revenues, in large part due to the presence of the sought after and searched-for Megan Thee Stallion photos that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

17. BackGrid attempted to resolve this dispute prior to filing the above captioned action. The parties were unable to come to a resolution.

**FIRST CAUSE OF ACTION**
**DIRECT COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 106, 501**
**(Against All Defendants)**

18. BackGrid incorporates by reference each and every allegation in paragraph 1 through 17 as if fully set forth herein.

19. BackGrid is the owner of all rights, title, and interest in the copyrights of the Photos that frames this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

20. BackGrid filed for copyright registration of the Photos within 90 days of its first publication with the United States Copyright Office.

21. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyrights by at least publicly displaying and utilizing the Photos for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

22. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid.

23. BackGrid has identified at least two instances of infringement by way of the unlawful reproduction and display of BackGrid's photographs.

24. As a result of the acts of Defendants alleged herein, BackGrid has suffered substantial economic damage.

25. Defendants have willfully infringed, and unless enjoined, will continue to infringe BackGrid's copyrights by knowingly publicly displaying its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from BackGrid's copyrights.

26. The wrongful acts of Defendants have caused injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid seeks a declaration that Defendants are infringing BackGrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

27. The above-documented infringements alone would entitle BackGrid to a potential award of up to $150,000 per work in statutory damages, in addition to its attorney's fees.

**PRAYER FOF RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently

enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all of BackGrid's Photographs;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: May 5, 2025                                By: /s/ Leo M. Lichtman

                                                 Leo M. Lichtman
Joanna Ardalan (*Pro hac vice* forthcoming)
**ONE LLP**
23 Corporate Plaza, Ste 150
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
jardalan@onellp.com
llichtman@onellp.com

*Attorneys for Plaintiff BackGrid USA, Inc.*

**DEMAND FOR A JURY TRIAL**

BackGrid USA, Inc. demands a jury trial for all issues so triable.

Dated: May 5, 2025                          By: /s/ Leo M. Lichtman

                                            Leo M. Lichtman
                                            Joanna Ardalan (*Pro hac vice* forthcoming)
                                            **ONE LLP**
                                            23 Corporate Plaza, Ste 150
                                            Newport Beach, CA 92660
                                            Telephone: (949) 502-2870
                                            Facsimile: (949) 258-5081
                                            jardalan@onellp.com
                                            llichtman@onellp.com

                                            *Attorneys for Plaintiff BackGrid USA, Inc.*